.UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA

        -v-

ARTHUR NIGRO,
        a/k/a "Artie,"
        a/k/a "the Short Guy,"        S3 09 Cr. 1239 (PKC)
FOTIOS GEAS,
        a/k/a "Freddy,"
TY GEAS

                Defendants
----------------------------------------------------------------X

    We join in the submission of Ty Geas. In addition we respond to the Government's most recent submission in regard to Rule 804(b)(6).

    In the section entitled "The Victim's Statements to Law Enforcement are Admissible as Non-Hearsay" (p 17) the Government collapses the argument as to the Bruno Statement and the Westerman Statement. Although neither statement should be admitted, the Government's argument fails of it's own weight as to Westerman.

    The Government cites Sand, ***Modern Federal Jury Instructions***, Inst. 46-32. "(It is only necessary that the defendant you are considering or a coconspirator of that defendant believed that a witness might testify in court or give information to <u>federal officials</u> regarding a federal offense and to have prevented that testimony or communication)" (Internal quotation marks omitted, underlining supplied)

    The Government's proffer as to Westerman points up their unacknowledged difficulty. Westerman only cooperated with Massachusetts officials and had cooperated against the Geas brothers in regard to a crime charged by the State of Massachusetts. Not only is the statement not

admissible for any reason, but the Government's relation of expected testimony gives the defense comfort that the charge regarding the murder of Westerman to prevent him from communicating with law enforcement will not survive a motion pursuant to Rule 29 of the Federal rules of Criminal Procedure at the end of the government's case.

Respectfully submitted

Frederick H. Cohn
Harvey Fishbein
Attorneys for Fotios Gias
61 Broadway
Suite 1601
New York, NY 10006
212-768-1110/ 212-233-9555