UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x:
UNITED STATES OF AMERICA,

    - v.-

ARTHUR NIGRO, :
a/k/a "Artie," :
a/k/a "the Short Guy," :                   S5 09 Cr. 1239 (PKC)
a/k/a "the Little Guy," :
FOTIOS GEAS, :
a/k/a "Freddy," and :
TY GEAS, ::
Defendants. :

------------------------------------------------------x

## SENTENCING MEMORANDUM
## FOR DEFENDANT FOTIOS GEAS

FREDERICK H. COHN, ESQ.
Attorney for Defendant Fotios Geas
111 Broadway, Suite 1805
New York, New York 10006
(212) 768 1110
(212) 338 9088

Harvey Fishbein, Esq.
Learned Counsel

FREDERICK H. COHN
ATTORNEY AT LAW
111 BROADWAY
SUITE 1805
NEW YORK, NY 10006
212-768-1110
FAX 212-338-9088
fcohn@frederickhcohn.com

September 6, 2011

Hon. P. Kevin Castel
Daniel Patrick Moynihan USC
500 Pearl Street
New York, NY 10007-1312

          Re: United States v. Nigro/Geas
             S2 09 Cr. 1239 (PKC)

Dear Judge Castel:

      This letter sentencing memo addresses two very narrow sentencing issues since a mandatory life sentence imposes absolute limits on your sentencing discretion in terms of the length of incarceration despite the fact that there would be a decent argument to be made for a term of imprisonment which would be severe but give Mr. Geas some hope of dying outside of prison walls.

      This court does have discretion, however, as to recommendations to the Bureau of Prisons as to the place of incarceration and to the imposition of monetary penalties which are not mandatory.

      These retained powers will have enormous consequences for the conditions of confinement which will confront the defendant. Recognizing that Mr. Geas will, no doubt be designated to a high security institution, we believe that he should be allowed two concessions that will make the decades behind bars somewhat less cruel than they would otherwise be.

LAW OFFICES
FREDERICK H. COHN

Hon. Kevin P. Castel
September 6, 2011
Page-2-

### Ty Geas

The Court is well aware of the relationship between Fotios Geas and his brother Ty.

While that relationship has often been in furtherance of criminal behavior, there is no reason why the brothers, absent security concerns of BOP should not be in the same institution.

Family ties will be severely strained if family is to maintain their connections to both brothers in different, and potentially far flung institutions. Placing them together would facilitate family visits on a more frequent basis.

You should know that while they were remanded awaiting trial, the brothers were together with the consent of the Government. Their sojourn at MDC and later MCC was without incident.

It is likely that a recommendation that they be designated to the same institution would be so out of the ordinary that it is likely to be ignored. We therefore request that a designation be recommended to the same institution at sentencing and we believe that Lewisberg which is a high security institution is closest geographically to the family.

We have copied Bobbi Sternheim, Ty's attorney with this letter and believe that she will seek the same relief in her sentencing memo.

### Monetary penalties

As the PSR points out, this court can impose a fine, both as a penalty and to defray the cost of incarceration. The defendant has no assets nor any expectation of them. All that he will have to sustain him in jail is potential earnings from prison employment. Probation recommends no fine.

Additionally, BOP has a policy known as the "Inmate Financial Responsibility Program" (See attachment.) Under that policy if there is a monetary requirement attached to the sentence, unless the inmate joins the program, which requires that generally 50% of earnings go toward the satisfaction of the "debt", the inmate will not be eligible for any programs.

Prison pay is notoriously poor, now in the neighborhood of $.50 per hour. If half of that is taken away over a lifetime in jail, it will not begin to pay the cost of incarceration and will leave Mr. Geas, with virtually no money to pay for what few creature comforts the commissary has to offer. We respectfully suggest that this should not be the Court's intention and, to avoid it, aside

Case 1:09-cr-01239-PKC  Document 219  Filed 09/09/11  Page 4 of 4

LAW OFFICES

FREDERICK H. COHN

Hon. Kevin P. Castel
September 6, 2011
Page-3-

from the mandatory assessment of $600.00 there should be no fine.

<div style="text-align: right;">
Respectfully yours,

*[signature]*

Frederick H. Cohn
</div>

cc: Christopher Ferrall, P.O.
    Mark Lampher, AUSA
    Bobbi Sternheim, Esq.